JAMES HAWKINS APLC
James R. Hawkins, Esq. (#192925)
Gregory Mauro, Esq. (#222239)
Michael Calvo, Esq. (#314986)
9880 Research Drive, Suite 800
Irvine, CA 92618
Tel.: (949) 387-7200
Fax: (949) 387-6676
Email: James@jameshawkinsaplc.com
Email: Greg@jameshawkinsaplc.com
Email: Michael@jameshawkinsaplc.com

Attorneys for Plaintiff PAEA SANFT,
individually and on behalf of all others similarly situated

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAEA SANFT, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>SIMS GROUP USA CORPORATION dba SIMS METAL MANAGEMENT, a California Corporation, and DOES 1-10, inclusive,<br><br>Defendants. | CASE NO.: 4:19-cv-08154-JST<br><br>**FIRST AMENDED CLASS ACTION COMPLAINT**<br><br>**COMPLAINT FOR:**<br><br>1. Failure to Provide Meal Periods as Required by Labor Code §§ 226.7, 512 and IWC Wage Orders<br>2. Failure to Provide Rest Periods as Required by Labor Code §§ 226.7, 512<br>3. Failure to Provide Accurate Itemized Wage Statements as Required by Labor Code § 226<br>4. Violation of Business & Professions Code § 17200, et seq.<br>5. Failure to Pay Overtime Wages ("FLSA")<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff PAEA SANFT ("Plaintiff"), individually and on behalf of all others similarly situated (hereinafter collectively referred to as the "Class" or "Class Member"), hereby files this Complaint against Defendants SIMS GROUP USA CORPORATION dba SIMS METAL MANAGEMENT; and DOES 1-10, inclusive (collectively "Defendants") and alleges on information and belief as follows:

## I.   JURISDICTION AND VENUE

1. The United States District Court for the Northern District of California has jurisdiction over this case by virtue of original jurisdiction pursuant to 29 U.S.C. §§ 201, *et seq.* ("FLSA") and 28 U.S.C. § 1331. This Court also has supplemental jurisdiction pursuant to 28 U.S.C. § 1367 over the claims alleged herein arising under the California Labor Code, .

2. This Court has personal jurisdiction over the Defendant because it has sufficient minimum contacts in the State to render the exercise of jurisdiction by this Court proper and necessary. Defendants intentionally avail itself of the markets within this State through the promotion, sale, marketing, and distribution of its services.

3. Venue is proper in the Northern District of California under 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to the claim(s) occurred in this judicial district. Defendants conduct business in the San Mateo County, California and each Defendant is within the jurisdiction of this Court for service of process purposes. The unlawful acts alleged herein have a direct effect on Plaintiff and those similarly situated within the State of California and within Redwood City and elsewhere in California. Defendants employ numerous Class Members throughout California. Defendants are corporations.

4. Defendants are corporations engaged in the distribution and delivery of construction materials and are doing business in the state of California. On information and belief, Defendants have conducted business within the State of California during the purported liability period and continue to conduct business

throughout the State of California. The unlawful acts alleged herein have had a direct effect on Plaintiff, and the similarly situated non-exempt employees throughout the State of California, and Defendants employ or have employed sufficiently numerous Class Members as non-exempt employees.

5. Plaintiff, on behalf of himself and all Class Members, pursuant to Business and Professions Code sections 17200 *et seq.*, also seek restitution for all benefits Defendants enjoyed from their failure to provide , rest and meal period compensation, and failure to provide accurate itemized wage statements.

6. Plaintiff, on behalf of himself and all Class Members, also seek recovery based upon the alleged violations of the Fair Labor and Standards Act, 29 U.S.C. §§ 201 *et seq.*("FLSA")

## II. PARTIES

7. Plaintiff, PAEA SANFT, was at all times relevant to this action, a resident of Palo Alto, California. Plaintiff was employed by Defendants in approximately June 1999 as a Non-Exempt Employee. While employed by Defendant, Plaintiff held various titles including but not limited to, Labor, Maintenance, Lead Shift, Heavy Equipment Operator, Maintenance, and Equipment Operator until his separation from Defendants' employ in approximately September 2019.

8. Defendants SIMS GROUP USA CORPORATION dba SIMS METAL MANAGEMENT, operates as a global metal recycler. Defendants engaged in the processing, buying, and selling of ferrous and non-ferrous recycled materials. Plaintiff estimates there are in excess of 100 Non-Exempt Employees who work or have worked for Defendants over the last four years.

9. Other than identified herein, Plaintiff is unaware of the true names, capacities, relationships, and extent of participation in the conduct alleged herein, of the Defendants sued as DOES 1 through 50, but is informed and believes and thereon alleges that said defendants are legally responsible for the wrongful conduct

alleged herein and therefore sues these defendants by such fictitious names. Plaintiff will amend this complaint when their true names and capabilities are ascertained.

10. Plaintiff is informed and believes and thereon alleges that each defendant, directly or indirectly, or through agents or other persons, employed Plaintiff and other members of the Class, and exercised control over their wages, hours, and working conditions. Plaintiff is informed and believes and thereon alleges that each Defendant acted in all respects pertinent to this action as the agent of the other Defendants, carried out a joint scheme, business plan or policy in all respects pertinent hereto, and the acts of each Defendant are legally attributable to the other defendants.

## III. CLASS ACTION ALLEGATION

11. Plaintiff brings this action individually and on behalf of all others similarly situated as a class action, and thus seeks class certification under Fed. R. Civ. P. Rule 23(a)(1)(-(4) and 23(b)(3):

All persons who have been employed by Defendants as Non-Exempt Employees or equivalent positions, however titled, in the state of California within four (4) years from the filing of the Complaint in this action until its resolution. (collectively referred to as the "Class" or "Plaintiff's Class" or "Class Members").

12. Plaintiff also seeks to represent the subclass(es) composed of and defined as follows:

**Sub-Class 1:** All Class Members who are or were employed by Defendants who worked in excess of six or ten hours in a work day but were not provided with a timely, uninterrupted, duty-free thirty-minute meal period (hereinafter collectively referred to as the "Meal Period Subclass").

**Sub-Class 2:** All Class Members who are or were employed by Defendants who worked in excess of three and a half (3.5) or ten hours in a work day but were not authorized and permitted a rest period (hereinafter collectively referred to as the "Rest Period Subclass").

**Sub-Class 3:** All Class Members who are or were employed by Defendants at any time between October 31, 2018 and the present and who received wage statements from Defendant (hereinafter collectively referred to as the "Wage Statement Subclass").

**Sub-Class 4:** All Class Members who are or were employed by Defendants and subject to Defendant's Unfair Business Practices (hereinafter collectively referred to as the "Unfair Business Practice Subclass").

13. Plaintiff reserves the right to amend or modify the class description with greater specificity or further division into subclasses or limitation to particular issues. .

14. The term "Class" includes Plaintiff and all members of the Class and each of the Sub-Classes, if applicable. Plaintiff seeks class-wide recovery based on the allegations set forth in this complaint.

15. There is a well-defined community of interest in the litigation and the proposed Class is easily ascertainable through the records Defendants are required to keep.

16. <u>Numerosity</u>.  The members of the Class are so numerous that individual joinder of all of them as Plaintiff is impracticable.  While the exact number of the Class members is unknown to Plaintiff at this time, Plaintiff is informed and believes and thereon alleges that there are at least 100 (one hundred) Class members.

17. <u>Commonality</u>. Common questions of law and fact exist as to all Class members and predominate over any questions that affect only individual members of the Class. These common questions include, but are not limited to:

   i. Whether Defendants failed to accurately incorporate the value of shift differentials into the regular rate of pay for overtime calculation purposes to Plaintiff and Class Members for hours Plaintiff and Class Members worked in

excess of forty (40) hours per week.;

    ii.    Whether Defendants violated Labor Code sections 226.7, 512, and applicable IWC Wage Orders, by failing to authorize and permit daily rest periods to Plaintiff and Class Members for every four hours or major fraction thereof worked and failing to compensate said employees one hours wages in lieu of rest periods;

    iii.    Whether Defendants violated Labor Code sections 226.7, 512 and applicable IWC Wage Orders, by failing to provide a meal period to Plaintiff and Class Members on days they worked work periods in excess of six and 10 hours and failing to compensate said employees one hour wages in lieu of meal periods;

    iv.    Whether Defendants failed to maintain accurate time record including recording Plaintiff and Class Members' meal periods pursuant to Labor Code sections 1174.5 and the applicable IWC Wage Orders;

    v.    Whether Defendants provided accurate itemized wage statements pursuant to Labor Code section 226;

    vi.    Whether Defendants violated Business and Professions Code and Labor Code sections 226, 226.7, 266.3, 512, 1174, 1174.5, 1175, and applicable IWC Wage Orders which violation constitutes a violation of fundamental public policy; and

    vii.    Whether Plaintiff and the Members of the Plaintiff Class are entitled to equitable relief pursuant to Business and Professions Code section 17200, *et. seq.*

    viii.    .

18.    <u>Typicality</u>.  Plaintiff's claims herein alleged are typical of those claims which could be alleged by any member of the Class and/or Subclass, and the relief sought is typical of the relief which would be sought by each member of the Class and/or Subclass in separate actions.  Plaintiff and all members of the Class and or Subclass sustained injuries and damages arising out of and caused by Defendants'

- 5 -
FIRST AMENDED CLASS ACTION COMPLAINT

common course of conduct in violation of California laws, regulations, and statutes as alleged herein.

19. <u>Adequacy</u>. Plaintiff is qualified to, and will fairly and adequately protect the interests of each member of the Class and/or Subclass with whom she has a well defined community of interest and typicality of claims, as demonstrated herein. Plaintiff acknowledges an obligation to make known to the Court any relationships, conflicts, or differences with any member of the Class and/or Subclass. Plaintiff's attorneys and the proposed Counsel for the Class and Subclass are versed in the rules governing class action discovery, certification, litigation, and settlement and experienced in handling such matters. Other former and current employees of Defendants may also serve as representatives of the Class and Subclass if needed.

20. <u>Superiority</u>. A class action is superior to other available means for the fair and efficient adjudication of the claims of the Class and would be beneficial for the parties and the court. Class action treatment will allow a large number of similarly situated persons to prosecute their common claims in a single forum, simultaneously, efficiently, and without the unnecessary duplication of effort and expense that numerous individual actions would require. The damages suffered by each Class member are relatively small in the sense pertinent to class action analysis, and the expense and burden of individual litigation would make it extremely difficult or impossible for the individual Class Members to seek and obtain individual relief. A class action will serve an important public interest by permitting such individuals to effectively pursue recovery of the sums owed to them. Further, class litigation prevents the potential for inconsistent or contradictory judgments raised by individual litigation.

21. <u>Public Policy Considerations</u>: Employers in the state of California violate employment and labor laws everyday. Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation. Former employees are

fearful of bringing actions because they believe their former employers may damage their future endeavors through negative references and/or other means. The nature of this action allows for the protection of current and former employees' rights without fear or retaliation or damage.

## IV. FACTUAL ALLEGATIONS

22. At all times set forth herein, Defendants employed Plaintiff and other persons in the capacity of non-exempt positions, however titled, throughout the state of California.

23. Plaintiff is informed and believes Class Members have at all times pertinent hereto been Non-Exempt within the meaning of the California Labor Code and the implementing rules and regulations of the IWC California Wage Orders.

24. Plaintiff is informed and believes that all Class Members are citizens of the state of California.

25. Defendants continue to employ Non-Exempt Employees, however titled, in California and implement a uniform set of policies and practices to all non-exempt employees, as they were all engaged in the generic of the processing, buying and/or sale of Defendant's recycled metal materials.

26. Plaintiff is informed and believes, and thereon alleges, that Defendants are and were advised by skilled lawyers and other professionals, employees, and advisors with knowledge of the requirements of California's wage and employment laws.

27. On information and belief, during the relevant time frame, Plaintiff and Class Members frequently worked well over forty (40) hours in a work week.

28. During the relevant time frame, Defendants compensated Plaintiff and Class Members based upon an hourly rate.

29. On information and belief, during the relevant time frame, Plaintiff and Class Members typically worked seven days a week. Plaintiff' and Class Members typical worked shifts of anywhere 12 to 15 hours or more a day depending on the

amount of work assigned to Plaintiff and Class Members..

30. Plaintiff is informed and believes that the Class Members were required to keep similar schedules.

31. Plaintiff is informed and believes, and thereon alleges that, during the relevant time frame, Defendant also compensated Plaintiffs and the Class Members with shift differentials but failed to incorporate the shift differentials into the regular rate of pay for overtime calculation purposes and therefore were provided inaccurate overtime pay.

32. Plaintiff and the Class Members were regularly required to work shifts in excess of five hours without being provided a lawful meal period and over ten hours in a day without being provided a second lawful meal period as required by law.

33. Indeed, during the relevant time, as a consequence of Defendants' staffing and scheduling practices, lack of coverage, work demands, and Defendants' policies and practices, Defendants frequently failed to provide Plaintiff and the Class Members timely, legally complaint uninterrupted 30-minute meal periods on shifts over five hours as required by law.

34. Similarly, as a consequence of Defendants' staffing and scheduling practices, lack of coverage, work demands, and Defendants' policies and practices, Defendants frequently failed to provide Plaintiff and the Class Members legally compliant second meal periods on shifts over ten hours as required by law.

35. On information and belief, Plaintiff and Class Members did not validly waive their rights to meal periods under the law.

36. Plaintiff and the Class Members were not provided with valid lawful on-duty meal periods.

37. Despite the above-mentioned meal period violations, Defendants failed to compensate Plaintiff, and on information and belief, failed to compensate Class Members, one additional hour of pay at their regular rate as required by California

law when meal periods were not timely or lawfully provided in a compliant manner.

38. Plaintiff are informed and believe, and thereon alleges, that Defendants know, should know, knew, and/or should have known that Plaintiff and the other Class Members were entitled to receive premium wages based on their regular rate of pay under Labor Code §226.7 but were not receiving such compensation.

39. In addition, during the relevant time frame, Plaintiff and the Non-Exempt Employees were systematically not authorized and permitted to take one net ten-minute paid, rest period for every four hours worked or major fraction thereof, which is a violation of the Labor Code and IWC wage order.

40. Defendants maintained and enforced scheduling practices, policies, and imposed work demands that frequently required Plaintiff and Class Members to forego their lawful, paid rest periods of a net ten minutes for every four hours worked or major fraction thereof. Such requisite rest periods were not timely authorized and permitted as a result of Defendants' failure to provide relief for Plaintiff and Class Members to take their lawfully required breaks.

41. Despite the above-mentioned rest period violations, Defendants did not compensate Plaintiff, and on information and belief, did not pay Class Members one additional hour of pay at their regular rate as required by California law, including Labor Code section 226.7 and the applicable IWC wage order, for each day on which lawful rest periods were not authorized and permitted.

42. Defendants also failed to provide accurate, lawful itemized wage statements to Plaintiff and the Class Members in part because of the above specified violations. In addition, upon information and belief, Defendants omitted an accurate itemization of premiums due and owing for meal and rest period violations, gross pay and net pay figures from Plaintiff and the Class Members' wage statements. Defendants also failed to identify Plaintiff's and Class Members' shift differential pay as no hourly rate or total hours are listed.

43. Upon information and belief, Defendants knew and or should have

known that it is improper to implement policies and commit unlawful acts such as:

(a) requiring employees to work four (4) hours or a major fraction thereof without being provided a minimum ten (10) minute rest period and without compensating the employees with one (1) hour of pay at the employees' regular rate of compensation for each workday that a rest period was not provided;

(b) requiring employees to work in excess of five (5) hours or ten (10) hours per day without being provided an uninterrupted thirty minute meal period and/or a second meal period, and without compensating employees with one (1) hour of pay at the regular rate of compensation for each workday that such a meal period was not provided;

(c) failing to provide accurate itemized wage statements; and

(d) conducting and engaging in unfair business practices.

44. In addition to the violations above, and on information and belief, Defendants knew they had a duty to compensate Plaintiff and Class Members for the allegations asserted herein and that Defendants had the financial ability to pay such compensation, but willfully, knowingly, recklessly, and/or intentionally failed to do so.

45. Plaintiff and Class Members they seek to represent are covered by, and Defendants are required to comply with, applicable California Labor Codes, Industrial Welfare Commission Occupational Wage Orders (hereinafter "IWC Wage Orders") and corresponding applicable provisions of California Code of Regulations, Title 8, section 11000 *et seq*.

## FIRST CAUSE OF ACTION
## FAILURE TO PROVIDE MEAL PERIODS OR COMPENSATION IN LIEU THEREOF
**(Against All Defendants)**

46. Plaintiff incorporates and re-alleges each and every allegation contained above as though fully set forth herein.

47.     Pursuant to Labor Code §512, no employer shall employ an employee for a work period of more than five (5) hours without providing a meal break of not less than thirty (30) minutes in which the employee is relieved of all of his or her duties.  An employer may not employ an employee for a work period of more than ten (10) hours per day without providing the employee with a second meal period of not less than thirty (30) minutes, except that if the total hours worked is no more than twelve (12) hours, the second meal period may be waived by mutual consent of the employer and the employee only if the first meal period was not waived.

48.     Pursuant to the IWC wage orders applicable to Plaintiff and Class Members' employment by Defendants, in order for an "on duty" meal period to be permissible, the nature of the work of the employee must prevent an employee from being relieved of all duties relating to his or her work for the employer and the employees must consent in writing to the "on duty" meal period.  On information and belief, Plaintiff and Class Members did not consent in writing to an "on duty" meal period.  Further, the nature of the work of Plaintiff and Class Members was not such that they were prevented from being relieved of all duties.  Despite the requirements of the IWC wage orders applicable to Plaintiff's and Class Members' employment by Defendants and Labor Code §512 and §226.7, Defendants did not provide Plaintiff and Class Members with all their statutorily authorized meal periods.

49.     For the four (4) years preceding the filing of this lawsuit, Defendants failed to provide Plaintiff and Class Members, timely and uninterrupted meal periods of not less than thirty (30) minutes pursuant to the IWC wage orders applicable to Plaintiff and Class Members' employment by Defendants.  As a proximate result of the aforementioned violations, Plaintiff and the other Class Members have been damaged in an amount according to proof at time of trial.

50.     By their failure to provide a compliant meal period for each shift worked over five (5) hours and their failure to provide a compliant second meal

period for any shift worked over ten (10) hours per day by Plaintiff and the Class Members, and by failing to provide compensation in lieu of such non-provided meal periods, as alleged above, Defendants violated the provisions of Labor Code sections 226.7 and 512 and applicable IWC Wage Orders.

51. Plaintiff and the Class Members regularly required to work shifts without being provided all of their legally required meal periods. Defendants created a working environment in which Plaintiff and Class Members were not provided all of their meal periods due to shift scheduling and/or work related demands placed upon them by Defendants. On information and belief, Defendants' implemented a policy and practice which resulted in systematic and class-wide violations of the Labor Code. On information and belief, Defendants' violations have been widespread throughout the liability period and will be evidenced by Defendants' time records for the Class Members.

52. As a result of the unlawful acts of Defendants described herein, Plaintiff and the Class Members they seek to represent have been deprived of premium wages in amounts to be determined at trial. Pursuant to Labor Code §226.7, Plaintiff and Class Members are entitled to recover one (1) hour of premium pay for each day in which a meal period was not provided, along with interest and penalties thereon, attorneys' fees, and costs.

## SECOND CAUSE OF ACTION

## FAILURE TO PROVIDE REST PERIODS OR COMPENSATION IN LIEU THEREOF

### (**Against All Defendants**)

53. Plaintiff incorporates and re-alleges each and every allegation contained above as though fully set forth herein.

54. Pursuant to the IWC wage orders applicable to Plaintiff and Class Members' employment by Defendants, "Every employer shall authorize and permit all employees to take rest periods, which insofar as practicable shall be in the middle

of each work period…. [The] authorized rest period time shall be based on the total hours worked daily at the rate of ten (10) minutes net rest time per four (4) hours worked or major fraction thereof.… Authorized rest period time shall be counted as hours worked, for which there shall be no deduction from wages." Labor Code §226.7(a) prohibits an employer from requiring any employee to work during any rest period mandated by an applicable order of the IWC.

55. Defendants were required to authorize and permit employees such as Plaintiff and Class Members to take rest periods, based upon the total hours worked at a rate of ten (10) minutes net rest per four (4) hours worked, or major fraction thereof, with no deduction from wages. Despite said requirements of the IWC wage orders applicable to Plaintiff's and Class Members' employment by Defendants, Defendants failed and refused to authorize and permit Plaintiff and Class Members, to take ten (10) minute rest periods for every four (4) hours worked, or major fraction thereof.

56. On information and belief Defendants created a working environment in which Plaintiff and Class Members were not provided all of their rest periods due to shift scheduling and/or work related demands placed upon them by Defendants. On information and belief, Defendants implemented a policy and practice which resulted in systematic and class-wide violations of the Labor Code. On information and belief, Defendants' violations have been widespread throughout the liability period.

57. As a proximate result of the aforementioned violations, Plaintiff and Class Members have been damaged in an amount according to proof at time of trial. Pursuant to Labor Code §226.7, Plaintiff and Class Members are entitled to recover one (1) hour of premium pay for each day in which Defendants failed to provide a rest period to Plaintiff and the Class, plus interest and penalties thereon, attorneys' fees, and costs.

- 13 -
FIRST AMENDED CLASS ACTION COMPLAINT

# THIRD CAUSE OF ACTION

## FAILURE TO PROVIDE ACCURATE ITEMIZED WAGE STATEMENTS

### (Against All Defendants)

58. Plaintiff incorporates and re-alleges each and every allegation contained above as though fully set forth herein.

59. Section 226(a) of the California Labor Code requires Defendants to itemize in wage statements all deductions from payment of wages and to accurately report total hours worked by Plaintiff and the Class including applicable hourly rates and reimbursement expenses among other things. Defendants have knowingly and intentionally failed to comply with Labor Code section 226 and 204 on wage statements that have been provided to Plaintiff and the Class.

60. IWC Wage Orders require Defendants to maintain time records showing, among others, when the employee begins and ends each work period, meal periods, split shift intervals and total daily hours worked in an itemized wage statement, and must show all deductions and reimbursements from payment of wages, and accurately report total hours worked by Plaintiff and the Class. On information and belief, Defendants have failed to record all or some of the items delineated in Industrial Wage Orders and Labor Code §226.

61. Defendants have also failed to accurately record the meal and rest period premiums owed and all wages owed per pay period.

62. Plaintiff and the Class have been injured as they were unable to determine whether they had been paid correctly for all hours worked per pay period among other things.

63. Pursuant to Labor Code section 226, Plaintiff and the Class are entitled up to a maximum of $4,000 each for record keeping violations.

64. Pursuant to Labor Code section 266.3, any employer who violates subdivision (a) of Section 226 shall be subject to a civil penalty in the amount of

two hundred fifty dollars ($250) per employee per violation in an initial citation and one thousand dollars ($1,000) per employee for each violation in a subsequent citation, for which the employer fails to provide the employee a wage deduction statement or fails to keep the records required in subdivision (a) of Section 226.

## FOURTH CAUSE OF ACTION

## VIOLATION OF BUSINESS & PROFESSIONS CODE § 17200, et.seq.

### (Against All Defendants)

65. Plaintiff incorporates and re-alleges each and every allegation contained above as though fully set forth herein.

66. Defendants' conduct, as alleged in this complaint, has been, and continues to be, unfair, unlawful, and harmful to Plaintiff and Class Members, Defendants' competitors, and the general public. Plaintiff seeks to enforce important rights affecting the public interest within the meaning of the California Code of Civil Procedure §1021.5.

67. Defendants' policies, activities, and actions as alleged herein, are violations of California law and constitute unlawful business acts and practices in violation of California Business and Professions Code §§17200, et seq.

68. A violation of California Business and Professions Code §§17200, et seq., may be predicated on the violation of any state or federal law. Defendants' policy of failing to provide accurate itemized wage statements and failing to provide Plaintiff and the Class with meal periods and rest breaks or the one (1) hour of premium pay when a meal or rest break period was not provided or provided outside of the required time frames, violates Labor Code § 226, §512, and §226.7 and applicable IWC Wage Orders and California Code of Regulations.

69. Plaintiff and Class Members have been personally aggrieved by Defendants' unlawful and unfair business acts and practices alleged herein by the loss of money and/or property.

70. Pursuant to California Business and Professions Code §§17200, et seq.,

Plaintiff and Class Members are entitled to restitution of the wages withheld and retained by Defendants during a period that commences four (4) years prior to the filing of this complaint; an award of attorneys' fees, interest; and an award of costs.

## **FIFTH CAUSE OF ACTION**

## **PURSUANT TO FAILURE TO PAY OVERTIME ("FLSA")**

### (**Against All Defendants**)

71. Plaintiff incorporates and re-alleges each and every allegation contained above as though fully set forth herein.

72. At all times relevant to this action, Defendants were engaged in interstate commerce, or in the production of goods for commerce, as defined by the FLSA.

73. At all times relevant to this action, Plaintiff were "employees" of Defendants within the meaning of 29 U.S.C. § 203(e)(1) of the FLSA.

74. Plaintiffs and the Class Members, by virtue of their job duties and activities performed, are non-exempt employees.

75. Defendants are not "retail or service establishments" as defined by 29 U.S.C. § 213(a)(2) of the FLSA.

76. Plaintiffs and the Class Members have either (1) engaged in commerce; or (2) engaged in the production of goods for commerce; or (3) were employed in an enterprise engaged in commerce or in the production of goods for commerce.

77. At all times relevant to this action, Plaintiff and the Class Members were suffered to work in excess of 40 hours per week without premium pay for the same violation of 29 U.S.C. §§ 206 *et. seq.*

78. As a result, Plaintiff and the Class Members must be paid the federally mandated rate of 150% of each employee's regularly hour wages for work weeks of 40 hours or more. 29 U.S.C. § 207.

79. Defendants' violations of the FLSA were knowing and willful. Defendants could have easily accounted for and properly compensated Plaintiff and

the Class Members but have failed to do so.

80. Plaintiff therefore seeks damages in an amount equal to the unpaid overtime wages due and owing to the Class Members, along with liquidated damages in an equal amount, costs and attorney's fees as provided for in 29 U.S.C. § 216.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment against Defendants, as follows:

### Class Certification

1. That this action be certified as a class action;
2. That Plaintiff be appointed as the representative of the Class;
3. That Plaintiff be appointed as the representative of the Subclass; and
4. That counsel for Plaintiff is appointed as counsel for the Class and Subclass.

### On the First Cause of Action

1. For one (1) hour of premium pay for each day in which a required meal period was not provided or not provided in a timely manner; and
2. For such other and further relief as the Court deems proper.

### On the Second Cause of Action

1. For one (1) hour of premium pay for each day in which a required rest period was not authorized or permitted; and
2. For such other and further relief as the Court deems proper.

### On the Third Cause of Action

1. For statutory penalties pursuant to Labor Code §226;
2. For interest for wages untimely paid;
3. For penalties pursuant to Labor Code §266.3; and
4. For such other and further relief as the Court deems proper.

///

### On the Fourth Cause of Action

1. That Defendants, jointly and/or severally, pay restitution of sums to Plaintiff and Class Members for their past failure to provide accurate itemized wage statements for premium wages for meal and/or rest periods, that were not provided as described herein to Plaintiff and Class Members over the last four (4) years in an amount according to proof;

2. For pre-judgment interest on any unpaid wages due from the day that such amounts were due;

3. For reasonable attorneys' fees that Plaintiff and Class Members are entitled to recover;

4. For costs of suit incurred herein; and

5. For such other and further relief as the Court deems proper.

### On the Fifth Cause of Action

1. For general damages as measured by unpaid overtime wages; liquidated damages, an equal amount to the unpaid overtime wages under federal law, including, *inter alia*, 29 U.S.C. § 216 et. seq.; and interest and attorneys fees pursuant to, *inter alia,* 29 U.S.C. § 216 et. seq.; and

2. For such other and further relief as the Court deems proper.

### **DEMAND FOR JURY TRIAL**

Plaintiff and members of the Class and Subclass request a jury trial in this matter.

Dated: March 30, 2020                    JAMES HAWKINS APLC

By:/s/ Gregory Mauro
JAMES R. HAWKINS, ESQ.
GREGORY MAURO, ESQ.
MICHAEL CALVO, ESQ.
Attorneys for Plaintiff PAEA SANFT, individually and on behalf of all others similarly situated.