**JAMES HAWKINS, APLC**
James Hawkins (Cal. Bar No. 192925)
Gregory Mauro (Cal. Bar No. 222239)
Michael Calvo (Cal Bar No. 314986)
9880 Research Drive, Suite 200
Irvine, California 92618
Telephone: (949) 387-7200
Email: james@jameshawkinsaplc.com
Email: greg@jameshawkinsaplc.com
Email: michael@jameshawkinsaplc.com

**SOMMERS SCHWARTZ, P.C.**
Kevin J. Stoops (Cal Bar No. 332200)
Charles R. Ash, IV (*pro hac vice* forthcoming)
One Towne Square, 17th Floor
Southfield, Michigan 48076
Telephone: 248-355-0300
Facsimile: 248-436-8453
Email: kstoops@sommerspc.com
Email: crash@sommerspc.com

*Attorneys for Plaintiff and Proposed
Collective and Class members*

## UNITED STATES DISTRICT COURT
### FOR THE CENTRAL DISTRICT OF CALIFORNIA
### SAN FRANCISCO DIVISION

| | |
|---|---|
| PAEA SANFT, individually and on behalf of all others similarly situated, | Case No.: 19-cv-08154-JST |
| Plaintiff, | **NOTICE OF UNOPPOSED MOTION FOR PRELIMINARY APPROVAL OF CLASS AND COLLECTIVE ACTION SETTLEMENT, APPROVAL OF CLASS NOTICE, AND SETTING FINAL APPROVAL HEARING** |
| vs. | |
| SIMS GROUP USA CORPORATION, | |
| Defendant. | Date:        April 21, 2022<br>Time:        02:00 p.m.<br>Courtroom:   6, 2nd Floor<br>Judge:       The Honorable Jon S. Tigar |

**TO ALL PARTIES AND TO THEIR ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE that the matter may be heard before the Honorable Jon S. Tigar in Courtroom 6 of this Court, located on the 2nd Floor of the Ronald Dellums Federal Building, 1301 Clay Street, Oakland, California 94612 on Thursday April 21, 2022 at 2:00 p.m.  Plaintiffs respectfully requests entry of an order (1) preliminarily certifying a class for settlement purposes under the Federal Rules of Civil Procedure, Rule 23 (e.g., "Rule 23") and conditionally certifying an FLSA collective for settlement purposes under 29 U.S.C. §201., *et seq*. (as defined in the Parties' Stipulation of Settlement); (2) preliminarily approving the parties' Settlement; (3) preliminarily appointing Plaintiff Sanft and Bernal Rodriguez as Class Representatives for the Class/Collective and Plaintiffs' counsel as Class Counsel; (4) approving the form of the Parties' proposed Notice; and (5) scheduling a hearing on the final approval of the Settlement and approval of the application of Class Counsel and Plaintiff for their requested attorneys' fees, costs, and service awards.

Plaintiffs respectfully submit good cause exists for granting the Motion for the reasons set forth in the concurrently filed documents. Defendant's counsel has reviewed the documents being filed in support of this Motion and does not oppose it, though Defendant has reserved the right to submit a Notice of Non-Opposition, together with any additional points and authorities for the Court's consideration.

The basis for this Motion is that the proposed Settlement is fair, adequate, and reasonable and in the best interests of the Class and Collective members as a whole, and the procedures proposed by the parties are adequate to ensure the opportunity of Class and Collective members to participate in, opt out of, or object to the Settlement.

This Motion is based upon this Notice of Motion and Motion, the Memorandum of Points and Authorities and other documents filed herewith, including the Settlement Agreement, the Declarations of Class Counsel and any of their exhibits, the [Proposed] Order granting preliminary approval as addressed

1  above, and the other pleadings and records on file in this action, and the presentations

2  of counsel and such oral or documentary evidence as may be presented at the hearing

3  on this unopposed Motion.

5  DATED: February 25, 2022            Respectfully Submitted,

6                                     */s/ Gregory Mauro, Esq.*
                                      James Hawkins (Cal. Bar No. 192925)
7                                     james@jameshawkinsaplc.com
                                      Gregory Mauro (Cal. Bar No. 222239)
8                                     greg@jameshawkinsaplc.com
                                      Michael Calvo (Cal Bar No. 314986)
9                                     michael@jameshawkinsaplc.com
                                      JAMES HAWKINS, APLC
10                                    9880 Research Drive, Suite 200
                                      Irvine, California 92618
11                                    Telephone: (949) 387-7200

12                                    Kevin J. Stoops (Cal. Bar No. 332200)
                                      kstoops@sommerspc.com
13                                    Charles R. Ash, IV (*pro hac vice*)
                                      crash@sommerspc.com
14                                    SOMMERS SCHWARTZ, P.C.
                                      One Towne Square, Suite 1700
15                                    Southfield, Michigan 48076
                                      Telephone: (248) 355-0300
16                                    Facsimile: (248) 436-8453

17                                    *Attorneys for Plaintiff and proposed*
                                      *Collective and Class Members*

NOTICE OF MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION
SETTLEMENT

**JAMES HAWKINS, APLC**
James Hawkins (Cal. Bar No. 192925)
Gregory Mauro (Cal. Bar No. 222239)
Michael Calvo (Cal Bar No. 314986)
9880 Research Drive, Suite 200
Irvine, California 92618
Telephone: (949) 387-7200
Email: james@jameshawkinsaplc.com
Email: greg@jameshawkinsaplc.com
Email: michael@jameshawkinsaplc.com

**SOMMERS SCHWARTZ, P.C.**
Kevin J. Stoops (Cal Bar No. pending)
Charles R. Ash, IV (*pro hac vice* forthcoming)
One Towne Square, 17th Floor
Southfield, Michigan 48076
Telephone: 248-355-0300
Facsimile: 248-436-8453
Email: kstoops@sommerspc.com
Email: crash@sommerspc.com

*Attorneys for Plaintiff and Proposed Collective and Class members*

# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF CALIFORNIA
## OAKLAND DIVISION

| | |
|---|---|
| PAEA SANFT, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>SIMS GROUP USA CORPORATION,<br><br>Defendant. | Case No.: 19-cv-08154-JST<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFFS' UNOPPOSED MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT, APPROVAL OF CLASS NOTICE, AND SETTING FINAL APPROVAL HEARING**<br><br>Date:          April 21, 2022<br>Time:          02:00 p.m.<br>Courtroom:  6, 2nd Floor<br>Judge:        The Honorable Jon S. Tigar |

# <u>TABLE OF CONTENTS</u>

I.   INTRODUCTION ........................................................................................... 1

II.  PROCEDURAL HISTORY OF THE CASE................................................... 2

   A.   The Proceedings, Pleadings, and Parties........................................... 2

   B.   Summary of Discovery Conducted Prior to Mediation ...................... 3

III. SETTLEMENT TERMS ................................................................................. 4

   A.   Value of the Settlement to the Class ................................................. 4

   B.   Size of the Classes and the Class Definitions .................................. 5

       1.   The Overtime Class/Collective ............................................... 5

       2.   The Meal and Rest Period Class .............................................. 5

       3.   The Wage Statement Class ....................................................... 6

       4.   PAGA Claim ............................................................................. 6

   C.   Nature of the Payments and Notice, Exclusion, Objection Periods ... 7

   D.   The Released Claims and Released Parties........................................ 7

   E.   Attorney's Fees, Costs, Enhancement, Administration, PAGA ......... 8

   F.   Notice Procedures ............................................................................. 9

IV. ARGUMENT IN SUPPORT OF PRELIMINARY APPROVAL ................... 9

   A.   Standard of Review for Class Action Settlements ............................ 9

       1.   Strength of Plaintiffs' Case, Mediation Supports Approval.... 110

       2.   The Risk, Expense, Complexity, Likely Duration of Litigation ... 11

       3.   The Risk of Maintaining Class Action Status Through Trial..... 12

       4.   The Amount Offered In Settlement Is Fair and Reasonable ..... 12

       5.   The Extent of the Discovery Completed, Stage of Proceedings ... 13

       6.   The Experience and Views of Counsel .................................... 13

       7.   The Presence of a Governmental Participant .......................... 14

V.  THE CLASS SHOULD BE CONDITIONALLY CERTIFIED ................... 14

   A.   The Settlement Classes Satisfy the Requirements of Rule 23........... 14

       1.   The Numerosity Requirement is Satisfied .............................. 14

       2.   Common Questions of Law and Fact Exist .............................. 14

       3.   Claims of the Plaintiff Are Typical ......................................... 14

       4.   Class Representatives and Class Counsel Are Adequate ......... 14

   B.   The Prerequisites of Rule 23(b) Are Also Satisfied......................... 15

       1.   The Predominance Requirement .............................................. 15

   C.   The Standard for Section 216(b) FLSA Settlement Approval is Met ........... 15

VI. REQUESTED APPROVAL AND FEES, COSTS, ENHANCEMENT ............ 16

   A.   The Requested Fees and Costs are Appropriate, and Class Counsel Will Submit Detailed Support for Them Prior to Final Approval ..... 17

   B.   The Class Representative Enhancement Is Reasonable ..................... 17

   C.   The Administrator and Administration Costs Should Be Approved ........... 18

VII. THE PROPOSED METHOD OF NOTICE IS APPROPRIATE .................. 18

VIII.A FINAL APPROVAL HEARING SHOULD BE SCHEDULED................ 18

IX. CONCLUSION ............................................................................................ 20

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR
PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT

# TABLE OF AUTHORITIES

## Cases

*Adams v. Inter-Con Security Sys., Inc.*, No. 06 Civ. 5428, 2007 WL 3225466 (N.D. Cal. Oct. 30, 2007).................................................................................................................................... 19
*Boyd v. Bechtel Corp.*, 485 F. Supp. 610 (N.D. Cal. 1979)............................................................ 12
*Churchill Village, L.L.C. v. General Electric*, 361 F.3d 566 (9th Cir. 2004) .............................. 18
*Class Plaintiffs v. City of Seattle*, 955 F.2d 1268 (9th Cir. 1992)........................................ 11, 13
*Cook v. Niedert*, 142 F.3d 1004 (7th Cir. 1998)............................................................................ 17
*Cotter v. Lyft, Inc.*, 193 F. Supp. 3d 1030 (N.D. Cal. 2016) ............................................. 9, 10, 15
*Eisen v. Carlisle & Jacquelin*, 417 U.S. 156 (1974) .................................................................... 18
*General Tel. Co. of the Sw. v. Falcon*, 457 U.S. 147 (1982)........................................................ 14
*Hanlon v. Chrysler Corp.*, 150 F.3d 1011 (9th Cir.1998) .............................................. 10, 13, 14
*In re American Med. Sys.*, 75 F.3d 1069 (6th Cir. 1996) .............................................................. 14
*In re High–Tech Emp. Antitrust Litig.*, No. 1–CV–02509–LHK, 2014 WL 3917126 (N.D. Cal. Aug. 8, 2014)........................................................................................................................................ 10
*Kirkorian v. Borelli*, 695 F. Supp. 446 (N.D. Cal. 1988) ............................................................ 13
*Linney v. Cellular Alaska P'ship*, 151 F.3d 1234 (9th Cir. 1998)................................................ 13
*Nat'l Rural Telecomm. Coop. v. Hughes Commc'ns Galaxy, Inc.*, 221 F.R.D. 523 (C.D. Cal. 2004) . 13
*Van Bronkhorst v. Safeco Corp.*, 529 F. 2d 943 (9th Cir. 1976)................................................... 13
*Vaquero v. Ashley Furniture Indus., Inc.*, 824 F.3d 1150 (9th Cir. 2016)..................................... 16
*Wright v. Linkus Enters., Inc.*, 259 F.R.D. 468 (E.D. Cal. 2009) ................................................ 19

## Statutes

29 U.S.C. § 216(b) ................................................................................................................... 16, 20
29 U.S.C. §201 ................................................................................................................................. 2
*Lynn's Food Stores, Inc. v. U.S. By and Through U.S. Dept. of Lab., Empl. Standards Admin., Wage and Hour Div.*, 679 F.2d 1350 (11th Cir. 1982) ............................................................... 16

## Other Authorities

*Newberg on Class Action*, 3d Ed. § 11.51 .................................................................................... 13

## Rules

Fe. R. Civ. P. 23(e)(2)....................................................................................................................... 9
Fed. R. Civ. P. 23(a) ....................................................................................................................... 14
Fed. R. Civ. P. 23(a)(1).................................................................................................................. 14
Fed. R. Civ. P. 23(a)(2).................................................................................................................. 14
Fed. R. Civ. P. 23(b)(3)............................................................................................................ 15, 18
Fed. R. Civ. P. 23(c) ........................................................................................................... 18, 19, 20
Fed. R. Civ. P. 23(c)(2)(B).................................................................................................. 18, 19, 20
Fed. R. Civ. P. 23(e) ......................................................................................................... 9, 15, 18, 19

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR
PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.    INTRODUCTION

This is a FLSA/California wage-and-hour hybrid collective/class action. Plaintiff, Paea Sanft and Class Member Sergio Bernal-Rodriguez (hereinafter "Plaintiffs") have settled this litigation on behalf of approximately 500 non-exempt California employees of Defendant.  The proposed Settlement Class is comprised of three (3) sub-classes: the Overtime Collective/Class, the Meal and Rest Period Class, and the Wage Statement Class (collectively "Class Members").  Plaintiffs' First Amended Complaint (FAC) asserts claims for: failure to provide meal periods or compensation in lieu thereof (Count I); failure to authorize and permit rest periods or provide compensation in lieu thereof (Count II); failure to provide accurate wage statements (Count III); violation of the Business Professions Code for an unlawful or unfair business practice (Count IV), and failure to pay overtime wages pursuant to the FLSA (Count V).  At the heart of all the claims asserted in the FAC is the Defendant's failure to incorporate shift differential payments in the calculations of the Settlement Class Members' meal/rest premiums and overtime premiums.

Without waiving any arguments regarding the merits of these claims, or the suitability of the case for class treatment, the Defendant has agreed to pay $157,500.00 (the Gross Settlement Amount) to resolve all of the claims asserted in the FAC. Plaintiffs, without opposition from Defendant, seek court approval of the Parties' Settlement Agreement. Filed concurrently in support of this Motion is the Settlement Agreement attached as Exhibit A to the declaration of proposed Class Counsel, Gregory Mauro along with the declaration of co Class Counsel Charles Ash.

This is a common fund settlement, with no claims process and no reversion. There will be no claim forms, and those class/collective members who do not request exclusion from the Settlement will automatically receive settlement checks. The Settlement Class Members are defined as, all of Defendant's non-exempt employees

employed between the dates applicable to each of the subclasses (discussed below), and as identified in paragraph 1.3 of the Settlement Agreement. *See*, Exh. A at 1.3.

For settlement purposes only, Plaintiffs request entry of an order (1) preliminarily certifying the proposed Settlement Class and FLSA Collective under Rule 23 of the Federal Rules of Civil Procedure ("Rule 23") and 29 U.S.C. §201 *et seq*.; (2) preliminarily approving the Parties' Settlement; (3) preliminarily appointing Paea Sanft and Sergio Bernal-Rodriguez as the representatives for the Settlement Class Members, and proposed Class Counsel as counsel for the Class Members and the FLSA Collective Members; (4) approving the Parties' proposed Notice; and (5) scheduling a hearing on the final approval of the Settlement and approval of the application of Class Counsel and Plaintiffs for their requested attorneys' fees, costs, and service awards.

## II.    PROCEDURAL HISTORY OF THE CASE

### A.    The Proceedings, Pleadings, and Parties

This matter was filed on October 31, 2019 in the San Mateo Superior Court, Case No. 19CIV06454. On December 13, 2019, Defendant filed its Notice of Removal of the case pursuant to 28 U.S.C. section 1331. On April 3, 2020, Plaintiffs filed the First Amended Complaint (FAC), which removed the state law overtime claim and the claim for failure to timely pay wages. The FAC also removed Sergio Bernal as a named Plaintiff, as his paystubs demonstrated he could only maintain a state law overtime claim, not a FLSA overtime claim.

On August 7, 2020, Plaintiff Sanft moved for conditional certification on his FLSA claim, which was based on Defendant's failure to incorporate shift differentials in the calculation of the Collective's overtime rates. On January 19, 2021, the Court granted Plaintiff's conditional certification motion. Subsequently, notice was mailed to "[a]ll individuals who are or previously were employed by Defendant on an hourly basis, and who worked over forty hours in the same week that they earned shift differential pay, at any time during the period beginning January 19, 2018 to January

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR
PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT

19, 2021." ECF No. 55-1. Based on Defendants payroll and employment records, there are 340 individuals that meet this description.

After the FLSA Notices were mailed, the parties began discussing a global resolution of all of the claims asserted by Plaintiff in the FAC, as well as the state law overtime claim that Plaintiff previously agreed to dismiss without prejudice. However, the discussions initially stalled because the viability of Plaintiff's state law claims was largely dependent on the California Supreme Court's decision in *Ferra v. Loews Hollywood Hotel, LLC*, 11 Cal. 5th 858, 489 P.3d 1166 (2021).[1] Shortly after *Ferra* was decided in Plaintiffs' favor, the parties were able to reach an agreement to settle the case. After an agreement in principle was reached, the parties spent the next several weeks finalizing the terms of the long-form Settlement Agreement, which is now before the Court for approval.

### B.     Summary of Discovery Conducted Prior to Mediation

Early in the litigation, prior to the *Ferra* decision, the parties attended a private mediation with Mark Rudy on March 3, 2020. In advance to the mediation, the parties engaged in informal discovery in which Defendant produced payroll and employment data for all of the Class Members. Class Counsel spent substantial time reviewing the data produced, but as indicated above, the mediation was unsuccessful.

Next, the parties also engaged in formal written discovery. Defendant served both interrogatories and document requests on Plaintiffs, which, in turn, Plaintiffs responded to. Conversely, Class Counsel prepared and served written discovery on Defendant. In response to these discovery requests, Defendants produced hundreds of documents. These documents included job descriptions, paystubs, meal period waiver agreements, collective bargaining agreements regarding wages, and various other documents. Additionally, after

---

[1] In *Ferra*, the California Supreme Court held that the "regular rate of compensation," as the term is used in the California meal and rest break laws, was equivalent with the "regular rate of pay," as used in the overtime statute, and, thus, nondiscretionary payments for work performed by an employee were to be included when determining compensation for failure to provide a meal, rest, or recovery period.

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR
PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT

1   carefully reviewing all of these documents, on March 25, 2021, Class Counsel conducted

2   a 30(b)(6) deposition of the Defendant's designated corporate representative.

3       As the litigation moved forward, Class Counsel spent considerable time preparing

4   for the conditional certification briefing/argument and the anticipated class certification

5   briefing.   However, after conditional certification was granted the parties' settlement

6   discussions resumed. Class Counsel enlisted the services of damages expert Bennett

7   Berger, Partner and Senior Data Analyst at Berger Consulting Group.[2]  With the assistance

8   of Mr. Berger, Plaintiffs' Counsel was able to refine their damages analysis and ultimately

9   obtain the proposed Settlement.

10   **III.    SETTLEMENT TERMS**

11       The Stipulation of Settlement provides as follows:

12       **A.    Value of the Settlement to the Class**

13       The   settlement   provides   for   a   non-reversionary   Settlement   Amount   of

14   $157,500.00. Exhibit A, at ¶1.19. The Net Settlement Amount means the Settlement

15   Amount   minus   Class   Counsel's   fees   and   costs,   the   charges   for   the   Claims

16   Administrator,   the   Class   Representatives'   Enhancement   Awards,   and   seventy-five

17   percent   (75%)   of   the   total   PAGA   Penalties   paid   to   the   Labor   and   Workforce

18   Development Agency.   *Id*. at ¶ 1.12. The anticipated Net Settlement Amount is

19   approximately   $50,000,   based   on   the   following   deductions   from   the   Settlement

20   Amount:   $7,500.00 to the Labor & Workforce Development Agency for PAGA

21   Penalties;   $10,000.00 to the   Claims   Administrator;   $60,000.00 for Plaintiffs'

22   Counsels' attorney fees; approximately $20,000 in Litigation Costs and $10,000 in

23   enhancements. The Net Settlement Amount will be distributed to the approximately

24   500 class members on a pro-rata basis. Specifically, each Class Member's workweeks

25   during the given class period will be divided by the total number of workweeks in the

26   class   period,   then   multiplied   by   the   Net   Settlement   Amount.   *See*,   Settlement

27   Agreement ¶ 9.1.1.

28   

---

[2]  *See*, https://bergerconsultinggroup.com/ (last visited Jan. 3, 2021).

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR
PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT

Based upon the NSF, each class member which enjoy a pro rata share of the settlement per the formula provided in paragraph 9.1.1 provides for an average payment of approximately $100 per class member.  The per workweek value of the Gross Settlement Amount totals approximately $2.66 per workweek.

### B.    Size of the Classes and the Class Definitions

#### 1.    The Overtime Class/Collective

The Overtime Class/Collective is defined as "[a]ll of Defendant's past and present non-exempt California employees who worked more than 40 hours in a week and earned shift differential pay during the same pay period January 19, 2018 – January 19, 2021. Settlement Agreement at ¶ 1.3(a).

Based on Class Counsel's analysis of the payroll data, 3,205 pay periods had both overtime and additional compensation (shift differentials). Based on the employees' average hourly rates, Class Counsel calculates Defendant's maximum exposure on the overtime claims to be approximately $31,082 calculated as follows: (3,205 X $4.85 per pay period X 2 for liquidated damages).

#### 2.    The Meal and Rest Period Class

The Meal and Rest Period Class is defined as "[a]ll of Defendant's past and present non-exempt California employees who worked for Defendant from October 31, 2015 through the date the Court grants Preliminary Approval, or 7.5 months (225 days) from the date Plaintiffs file their Motion for Preliminary Approval, whichever occurs first." *Id*. ¶ 1.3(b).

Based on Class Counsel's damage analysis, there 8,660 meal premium payments made totaling approximately $360,000 during the Class Period with approximately 1,941 (22%) of these meal premium payments paid at less than the regular rate for failure include shift differentials into the regular rate. The maximum exposure for deficient meal periods based on Class Counsel's calculations totals approximately $3,552.00 and calculated by an average of $1.83 per premium owed for the 1,941 deficient meal period premiums paid.

### 3.    The Wage Statement Class

The Wage Statement Class is defined as "[a]ll of Defendant's past and present non-exempt California employees who worked for Defendant from October 31, 2018 through the date the Court grants Preliminary Approval, whichever occurs first." *Id*. ¶ 1.3(c).

Based on Class Counsel's damage analysis, there were 26,849 pay periods during the statutory period. Of these, approximately 10% or 2,685 included overtime and/or meal period premiums coupled with shift differential pay. Accordingly, with 2,685 pay periods, at $50 for each initial deficient paystub and $100 for subsequent violations, the penalties for the 339 Wage Statement Class Members total approximately $251,550.00.

### 4.    PAGA Claim

PAGA grants the Court discretion to lower any PAGA Penalty otherwise due. *See* Labor Code section 2699 (e)(2). The Court could reduce any penalty potentially due where, as Defendant contends, any technical violation of law would have been inadvertent and in good faith, particularly where the law is undefined and capable of differing interpretations. Section 226, for example, is not violated where the employer acted in "good faith." *See Pedroza v. PetSmart, Inc.,* 2012 WL 9506073 (C.D. Cal. June 14, 2012) ("The good faith defense to the willfulness element of these sections [226, 203] is clearly established under California law); *Woods v. Vector Mktg. Corp.*, 2015 WL 2453202, at *3 (N.D. Cal. May 22, 2015) ("The 'good faith dispute' rule has been extended by courts to apply to California Labor Code Section 226. In *Carrington v. Starbucks Corp.*, 30 Cal. App. 5th 504 (2018), the Court of Appeal affirmed a judgment after trial which only provided for a PAGA penalty of $5 per pay period. Taking this into account, Plaintiff calculated approximately $134,000 in potential PAGA penalties by taking approximately 2,685 pay periods where an overtime or meal period premium miscalculation was at issue resulting in estimated penalties of approximately $134,250 (2,685 pay periods X $50).

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR
PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT

### C.        Nature of the Payments and Notice, Exclusion, Objection Periods

The Overtime Class/Collective and Meal/Rest Period Class' Settlement Awards shall be deemed to consist of 1/3 back wages, subject to normal payroll withholding, 1/3 interest, and 1/3 penalties. *See*, Settlement Agreement ¶ 9.1.1. The Wage Statement Class' Settlement Awards shall be deemed ½ penalties and ½ interest. *Id*.

The Claims Administrator will mail the Notice of Preliminary Approval to the Class Members within thirty (30) days of the Preliminary Approval Order by first-class mail, at their last known address. *Id*. ¶ 6.1. The Notice will include: a summary of the claims, the settlement, a calculation of the Class Member's estimated share of the Net Settlement Amount, and the right to object and/or opt-out. Id. Prior to mailing this notice, the Class Administrator shall conduct a "national change of address search." *Id*. The Claims Administrator will also use reasonable efforts, including tracing, to identify the correct address and re-mail all returned, undeliverable mail within five (5) days of receiving notice that a Notice was undeliverable. *Id*. For all re-mailed Notices of Preliminary Approval of the Settlement, Class Members shall have 45 days from the date of re-mailing, or 60 days from the First Mailing Date to opt-out or object, whichever is later. *Id*.

All objections to the Settlement must be filed with the Court no later than sixty (60) calendar days after the Claims Administrator's First Mailing Date of the Notice of Preliminary Approval. *Id*. ¶ 6.2. The objections must be timely and comply with the requirements set forth in ¶ 6.2 to be valid. *Id*. Similarly, the Class Members have sixty (60) calendar days to opt-out of the Settlement and in order to be valid the opt-out must state the Class Member name, reference the case name and number, be dated and signed, and be timely submitted to the Claims Administrator. *Id*. ¶ 6.3.

### D.        The Released Claims and Released Parties

The Class Members will release only the claims asserted in the SAC. Specifically, the Class Members will release: "any and all claims that accrued during the Class Period for the payment of unpaid wages, including but not limited to,

overtime wages, "off-the-clock" wages, and compensation associated with non-compliant meal or rest periods, penalties (including, without limitation penalties for alleged violations of the Fair Labor Standards Act ("FLSA"), and California Labor Code sections 201, 202, 203, 204, 226, 226.7, 510, 512, 558, 1194 and 2698, *et seq.*), interest, costs, attorneys' fees, restitution, unjust enrichment, compensatory damages, liquidated damages, injunctive relief, and any other remedies available at law or equity for wages allegedly owed to Plaintiff and with respect to the Class Members only to the extent that such claims were asserted or could have been asserted in the Litigation based upon the facts alleged in the First Amended Complaint ("FAC"). The claims being waived include any and all claims, rights, demands or causes of action, that were brought or could have been brought in the Litigation on behalf of the Plaintiff and all members of the Settlement Class upon the facts alleged in the FAC under any federal, state or local statutory or common law, including, but not limited to, the FLSA, California Labor Code §§ 201-203, 226, 226.3, 226.7, 510, 512, 558, and 1194, 1194.2, as well as the Private Attorneys General Act or "PAGA" (Labor Code § 2698, *et seq.*), all related provisions of the California Industrial Welfare Commission Wage Orders, California Business and Professions Code § 17200 *et seq.*, California Code of Civil Procedure § 1021.5, and the laws of contract, torts and equity." **Exhibit A** at ¶ 5.1(a).

The Named Plaintiffs will provide a general release, including a waiver of the provisions of Section 1542 of the California Civil Code. *Id.* at ¶ 5.1(b).

## E.    Attorney's Fees, Costs, Enhancement, Administration, PAGA

Class Counsel seeks an attorney fee award based strictly on its lodestar, but not to exceed $60,000.00. Currently, Class Counsel's lodestar has already exceeded $60,000 and they will be operating at a negative multiplier for the duration of the case. To date, Sommers Schwartz has incurred approximately $30,000.00 in lodestar and James Hawkins has incurred approximately $65,000. Additionally, Class Counsel seeks reimbursement of litigation expenses, which are estimated to be no more than $20,000 (between both firms).

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR
PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT

For their assistance in obtaining relief for the Settlement Classes, the Class Representatives (Paea Sanft and Sergio Bernal-Rodriquez) seek Enhancements in the amount of $5,000.00 each.

Finally, the Claims Administration costs associated with the settlement are approximately $10,000.00. As explained in the proposed schedule below, Class Counsel

**F.    Notice Procedures**

Within ten (10) business days after entry of the Preliminary Approval Order, Defendant shall submit to the Claims Administrator in electronic form, a list which sets forth: 1) each Class Member's name; 2) last known address and telephone number; and 3) social security number and employee identification number, and 4) data regarding the number of Workweeks each Class Member worked in his/her respective Class(es), including each Class Member's inclusive dates of employment.

In the manner set forth above, within thirty (30) days of Preliminary Approval of this Settlement, the Claims Administrator will send Class Members by first-class mail, at their last known address, the Court-approved Notice of Preliminary Approval of this Settlement.  *See*, Settlement Agreement ¶ 6.1.  The parties agree to cooperate with the Claims Administrator to locate Class Members, if necessary.

**IV.   ARGUMENT IN SUPPORT OF PRELIMINARY APPROVAL**

**A.    Standard of Review for Class Action Settlements**

Actions brought as class actions may only be settled with court approval. *See* Fed. R. Civ. P. 23(e). There is a presumption that settlement negotiations were conducted in good faith, but nevertheless, "district courts should review class action settlements just as carefully at the initial stage as they do at the final stage. At the initial stage, the inquiry should be whether the settlement is 'fair, reasonable, and adequate,' based on any information the district court receives from the parties or can obtain through its own research." *Cotter v. Lyft, Inc.*, 193 F. Supp. 3d 1030, 1037 (N.D. Cal. 2016). Rule 23(e)(2) of the Federal Rules of Civil Procedure states that the district court may only approve the settlement if, taken as a whole, "it is fair, reasonable, and adequate." *See also, Hanlon v.*

*Chrysler Corp.*, 150 F.3d 1011, 1026 (9th Cir.1998). In determining whether to finally approve a settlement, the district court must balance "the strength of the plaintiffs' case; the risk, expense, complexity, and likely duration of further litigation; the risk of maintaining class action status throughout the trial; the amount offered in settlement; the extent of discovery completed and the stage of the proceedings; the experience and views of counsel; the presence of a governmental participant; and the reaction of the class members to the proposed settlement." *Id.*

While it is less clear what standard should drive the preliminary approval process, "[s]ome district courts ... have stated that the relevant inquiry is whether the settlement 'falls within the range of possible approval' or 'within the range of reasonableness.'" *Cotter*, 176 F. Supp. 3d at 935 (citing *In re High–Tech Emp. Antitrust Litig.,* No. 1–CV–02509–LHK, 2014 WL 3917126, at *3 (N.D. Cal. Aug. 8, 2014); *see also, id.* ("perhaps the most important factor to consider is 'plaintiffs' expected recovery balanced against the value of the settlement offer.'"). Where both sides face significant uncertainty, the attendant risks favor settlement. *Hanlon*, at 1026.

### 1.    Strength of Plaintiffs' Case, Mediation Supports Approval

Courts presume a settlement is fair. The Settlement here was reached through arm's-length bargaining between counsel, which included offers and counteroffers, a failed mediation, and eventually an agreement after the parties returned to settlement discussions. Class Counsel was confident in the merits of claims asserted, and likewise Defendant maintained that it would be able to defeat a class certification motion and/or class claims on the merits, including an anticipated motion for summary judgment. The parties preferred this Settlement to facing protracted litigation and incurring costs and fees before this honorable Court or the Ninth Circuit.

Prior to mediation, both parties researched their claims and defenses in order to appropriately evaluate the strengths and weaknesses of their respective cases, and did so in view of the comprehensive class-wide discovery addressed above. Prior to and during the mediation, Defendant also voluntarily provided class data and information which

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR
PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT

permitted an objective assessment of Defendant's potential liability exposure. Subsequently, additional evidence was produced during formal discovery. Ultimately, both parties carefully weighed the risks and benefits of resolving the case in comparison to proceeding with the motion for class certification and summary judgment, and, potentially, before the Ninth Circuit. The parties concluded that the settlement terms were acceptable and the benefits of settling outweighed the risks of further litigation.

### 2.    The Risk, Expense, Complexity, Likely Duration of Litigation

The parties have disputed the strength of Plaintiff's claims and the substantial risk of not attaining class certification under Rule 23, decertification of the Collective under 29 U.S.C. §216(b), or an adverse ruling on a summary judgment motion. Defendant maintains even if the Plaintiff and Class Members prevail on their claims, the damages owed to the Class Members are nominal. Class Counsel submits it has properly assessed the risks of continued litigation, including at trial and on appeal, in concluding the Settlement is fair.

Both sides advocated strongly for their respective clients' chances for success on the primary claim that Defendant failed to properly calculate the regular rate of the class members.  Proof of liability and damages here would have been challenging. This is particularly true on the meal and rest period claims, where, in many cases, Class Members waived their meal and rest periods. The Settlement now saves the parties and the Court from years of litigation, including Rule 23 class certification, a FLSA collective decertification motion, dispositive motions, trial, and appeal.  It is very likely that this litigation would extend for another two years and cost the parties hundreds of thousands of dollars or more in attorneys' fees and expenses.  For these same reasons, the law strongly favors settlements, particularly where complex class action litigation is concerned.  *See Class Plaintiffs v. City of Seattle*, 955 F.2d 1268, 1276 (9th Cir. 1992).

In light of Defendant's advocated defenses, the difficulties in proving damages, the number of class members, uncertainty of certifying claims, and the manageability issues

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR
PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT

1  presented, the Settlement is within the range of reasonableness for approval.

2  **3.    The Risk of Maintaining Class Action Status Through Trial**

3      The above discussion applies to the risks of maintaining this action through trial, as

4  Plaintiff would have faced contested motion practice and continued expenses and delay to

5  get to trial, would have faced manageability challenges at trial, and would have likely

6  faced the additional time and delay required in further proceeding before the Ninth Circuit.

7  The uncertainty on the legal issues at the core of the parties' claims and defenses further

8  underscores the reasonableness of the proposed Settlement in the face of palpable risk.

9      The parties strongly contested the relative risks in this case, and adjusted them

10  based on several factors, including recent case law, likelihood of success at certification,

11  likelihood of success on the merits, and varying assumptions of alleged non-compliance

12  with California law. Given the constantly shifting legal landscape of class action litigation,

13  there is also a significant chance that any class certification, collective and/or

14  representative order or judgment in favor Plaintiffs could be overturned on appeal. All of

15  these were very substantial risks any of which could have resulted in the class/collective

16  members receiving nothing if the claims were further litigated.

17  **4.    The Amount Offered In Settlement Is Fair and Reasonable**

18      Based upon the figures above, Defendant's maximum damage exposure in this

19  case is approximately $420,434.00. Accordingly, the $157,500.00 Settlement offers

20  the Class Members 37.5% of their maximum damages. Courts in the Ninth Circuit have

21  observed that: "simply because a settlement may amount to only a fraction of the potential

22  recovery does not in itself render it unfair or inadequate. Compromise is the very nature

23  of settlement." *Boyd v. Bechtel Corp.*, 485 F. Supp. 610, 624 (N.D. Cal. 1979); *see also*

24  *Nat'l Rural Telecomm. Coop. v. DirecTV, Inc.,* 221 F.R.D. 523, 527 (C.D. Cal. 2004) (it

25  is "well settled law that a proposed settlement may be acceptable even though it amounts

26  to only a fraction of the potential recovery"). The Settlement here is significantly more

27  than a "fraction" and provides a recovery commensurate with the associated risk factors

28  involved in the case.

Settlement in class actions is preferable where substantial resources can be conserved by avoiding the time, cost, and rigors of formal litigation. *See, e.g., Class Plaintiffs v. City of Seattle*, 955 F. 2d 1268, 1276 (9th Cir. 1992); *Van Bronkhorst v. Safeco Corp.*, 529 F. 2d 943, 950 (9th Cir. 1976). Here, the Settlement is fair and reasonable based on the strength of Plaintiff's claims and the risks and costs of further litigation. The Settlement compares favorably to the uncertainties of further litigation. *Nat'l Rural Telecomm. Coop. v. Hughes Commc'ns Galaxy, Inc.*, 221 F.R.D. 523, 526 (C.D. Cal. 2004); *Linney v. Cellular Alaska P'ship*, 151 F.3d 1234, 1242 (9th Cir. 1998).

### 5. The Extent of the Discovery Completed, Stage of Proceedings

This factor supports approval as the parties have completed discovery, which has allowed them to properly evaluate the strengths and weaknesses of their positions on the various legal issues. As such, significant investment has been made by both parties who stand to lose everything based on the uncertainty of the outstanding legal issues in this case.

### 6. The Experience and Views of Counsel

Another factor considered in determining the fairness of a settlement is the experience and views of counsel. *Hanlon*, 150 F.3d at 1026. Courts do not second guess the parties, or substitute their judgment for that of the proponents of the settlement, and many courts give considerable weight to the opinion of experienced counsel supporting the settlement. *See, e.g., Kirkorian v. Borelli*, 695 F. Supp. 446, 451 (N.D. Cal. 1988). Where there is no evidence of fraud or collusion, courts presume they were conducted in good faith. *See Newberg on Class Action*, 3d Ed. § 11.51.

Class Counsel have practiced law for many years, have focused their practices on wage and hour class actions, and have cumulatively been appointed class counsel or co-class counsel in scores of class actions, obtaining substantial recoveries for hundreds of thousands of employees. Similarly, Defendant is represented by Nixon Peabody LLP, a well-known employment defense firm, and defense counsel are well-versed in litigating wage and hour class actions. The parties and counsel believe the Settlement is fair and

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT

1    appropriate given all factors involved.

2    **7.    The Presence of a Governmental Participant**

3    Contemporaneous with the filing of this Motion for Preliminary Approval, the

4    Settlement will be submitted to the California LWDA pursuant to the PAGA statute.

5    **V.    THE CLASS SHOULD BE CONDITIONALLY CERTIFIED**

6    **A.    The Settlement Classes Satisfy the Requirements of Rule 23**

7    Plaintiffs, without opposition, request conditional certification under Rule 23(a).

8    **1.    The Numerosity Requirement is Satisfied**

9    Rule 23(a) requires that the class be "so numerous that joinder of all members is

10   impracticable." Fed. R. Civ. P. 23(a)(1). Here, each of the three proposed Classes total

11   approximately three hundred seventy (370) employees and numerosity is satisfied.

12   **2.    Common Questions of Law and Fact Exist**

13   Commonality is met because "there are questions of law or fact common to the

14   class." Fed. R. Civ. P. 23(a)(2).  In the Ninth Circuit, this requirement "has been

15   construed permissively." *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1019-20 (9th Cir.

16   1998).  Even though proposed class members "may possess different avenues of

17   redress," so long as "their claims stem from the same source," there is sufficient

18   commonality "to satisfy the minimal requirements of Rule 23(a) (2)."  *Id.* at 1019-20.

19   Here, common questions include, primarily: (a) Defendant's failure to incorporate

20   shift differentials into overtime rate calculations and (b) Defendant's failure to

21   incorporate shift differentials into meal and rest break calculations.

22   **3.    Claims of the Plaintiff Are Typical**

23   Rule 23 typicality is satisfied.  Typicality tends to merge with commonality,

24   such that "a finding of commonality will ordinarily support a finding of typicality."

25   *General Tel. Co. of the Sw. v. Falcon*, 457 U.S. 147, 157 n.13 (1982).  A class plaintiff's

26   claim is typical of those of other class members if the claims arise from the same

27   practice or course of conduct and are based on the same legal theory."  *In re American*

28   *Med. Sys.*, 75 F.3d 1069, 1082 (6th Cir. 1996).  Here, Plaintiff's and Class Members'

1    claims arise from the same practices and are based on the same legal theory, for the

2    reasons set forth above.

3                 **4.    Class Representatives and Class Counsel Are Adequate**

4        Class Representatives and Class Counsel provide adequate representation of the

5    interests of the Class Members. Class Counsel has represented employees in numerous

6    wage and hour lawsuits brought as class actions, and has ample resources, experience, and

7    expertise to draw upon in representing the class in this action. Here, the Class

8    Representatives understand and accepts their obligations as representative of the

9    Class, and has adequately represented the Class Members' interests by devoting time

10    to prosecution of the claims including numerous detailed interviews with Class

11    Counsel, providing Class Counsel with substantial amounts of documents and

12    information, and assisting Class Counsel in reviewing and analyzing the factual

13    defenses raised by Defendant.

14         **B.    The Prerequisites of Rule 23(b) Are Also Satisfied**

15             **1.    The Predominance Requirement**

16        Rule 23(b)(3) provides that a class may be maintained if "the court finds that the

17    questions of law and fact common to the members of the class predominate over any

18    questions affecting only individual members." As noted in *Cotter*, "settlement approval

19    that takes place prior to formal class certification requires a higher standard of fairness.

20    The dangers of collusion between class counsel and the defendant, as well as the need for

21    additional protections when the settlement is not negotiated by a court[-]designated class

22    representative, weigh in favor of a more probing inquiry than may normally be required

23    under Rule 23(e)." *Cotter v. Lyft, Inc*., 193 F. Supp. 3d 1030, 1035 (N.D. Cal. 2016).[3]

24    Here, Plaintiffs contend that adjudication of the common issues surrounding Defendant's

25    alleged employment practices could establish Defendant's liability on a class-wide basis.

26    Common legal issues could predominate because, in Plaintiffs' view, all class/collective

27

28

---

[3] This concern is somewhat mitigated by the fact Plaintiffs have already prevailed on conditional certification, pursuant to 29 U.S.C. 216(b).

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR
PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT

1  members were subject to the same policies and were subject to the alleged failure to

2  incorporate shift differentials into overtime and meal/rest break premiums. Subsequently,

3  as a result of Defendant's payroll practices, all Class Members received defective wage

4  statements. Although an individual class/collective member may have incurred more

5  damages than another, individual damages calculations will not defeat predominance. *See,*

6  *e.g., Vaquero v. Ashley Furniture Indus., Inc.,* 824 F.3d 1150, 1155 (9th Cir. 2016).

7  **C.    The Standard for Section 216(b) FLSA Settlement Approval is Met**

8  The FLSA provides that "any employer who violates the provisions of section

9  206 or section 207 of this title shall be liable to the employee ... affected in the amount

10 of their unpaid minimum wages, or their unpaid overtime compensation, as the case

11 may be."  29 U.S.C. § 216(b).  A plaintiff may assert claims on behalf of himself and

12 those similarly situated. *Id*. FLSA claims may be compromised where a court reviews

13 and approves a settlement in a private action for back wages under 29 U.S.C. § 216(b).

14 *Lynn's Food Stores, Inc. v. U.S. By and Through U.S. Dept. of Lab., Empl. Standards*

15 *Admin., Wage and Hour Div.*, 679 F.2d 1350, 1354 (11th Cir. 1982).  If the settlement

16 of an FLSA suit reflects a "fair and reasonable resolution of a bona fide dispute" of the

17 claims raised, the court may approve the settlement "in order to promote the policy of

18 encouraging settlement of litigation."  *Id.* at 1354-55.

19 For all of the foregoing reasons, this settlement is a fair and reasonable

20 compromise and should be approved.

21 **VI.    REQUESTED APPROVAL AND FEES, COSTS, ENHANCEMENT[4]**

22 **A.    The Requested Fees and Costs are Appropriate, and Class Counsel Will**

23 **Submit Detailed Support for Them Prior to Final Approval**

24 "[U]nder the FLSA an award of reasonable attorney fees is mandatory." *Yue*

25 *Zhou v. Wang's Rest.*, 2007 WL 2298046, at *1 (N.D. Cal. Aug. 8, 2007). Indeed, 29

26

27 ─────────────────
   [4] Plaintiffs' Counsel recognizes that all requested allocations for attorneys' fees, costs,
28 and enhancement awards, are preliminary in nature and subject to final approval of the
   Court after the notice and objection period.

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR
PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT

U.S.C. § 216(b) provides that "[t]he court in such action shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney fee to be paid by defendant, and costs of the action." In the present case, Class Counsel seeks their attorney fees based on their lodestar. Courts "presume the 'lodestar' amount (the product of a reasonable number of hours worked multiplied by a reasonable hourly rate) to be a reasonable fee." *A.D. v. California Highway Patrol*, 712 F.3d 446, 460 (9th Cir. 2013), citing *City of Riverside v. Rivera,* 477 U.S. 561, 568, 106 S.Ct. 2686, 91 L.Ed.2d 466 (1986).

The attorney fees under the Settlement Agreement will be fully briefed prior to final approval. However, it is already confirmed that the fee award in the Settlement Agreement will result in a negative multiplier, based on Class Counsel's current lodestar calculations. The fees requested are well within the range of approval. Similarly, the modest costs, currently in the amount of $20,000 are also well within the range of approval. Class Counsel will provide a detailed itemization of costs prior to final approval in the attorney fee and costs motion.

**B.     The Class Representative Enhancement Is Reasonable**

The Settlement calls for a Service Payment for Plaintiff Sanft and Class Member Sergio Bernal-Rodriguez in the amount of $5,000 each. (Exh. A, Settlement ¶ 10.1). It is customary for "named plaintiffs . . . [to be] eligible for reasonable incentive payments" as part of a class action settlement. *Staton*, 327 F.3d at 977. Service or incentive payments constitute "an essential ingredient of any class action," because they provide an incentive to bring important cases that have a broad impact benefiting a class of individuals, not just the plaintiff. *Cook v. Niedert*, 142 F.3d 1004, 1016 (7th Cir. 1998). These payments recognize the plaintiff's time, effort, and inconvenience, as well as the risk they are exposed to in asserting their and others' rights in a particularly public and powerful manner.

The Class Representatives assisted Class Counsel with investigation and evaluation of the class claims throughout the litigation, including producing documents and attending

17

1   multiple telephonic conferences. Class Representatives have satisfied their obligations as

2   class representatives, have incurred many hours in service to this case and the Class

3   Members, and have been invaluable in developing the claims, conducting discovery into

4   them, and in reaching the Settlement that is before the Court for approval. Plainly put,

5   there would be no Settlement without the efforts of the Class Representatives.

6         **C.**      **The Administrator and Administration Costs Should Be Approved**

7         The Settlement Agreement provides for an allocation of funds to cover the costs of

8   third party settlement administration. Currently, it is estimated that the settlement

9   administration cost for this case will not exceed $10,000.00. The settlement administration

10  duties, as outlined in the settlement agreement, will be handled by ILYM Group, Inc.[5]

11  ILYM Group, Inc., is well-respected and has been utilized successfully by Class Counsel

12  in numerous settlements of similar nature to the instant litigation. A bid of $10,000 or less

13  is reasonable given the number of individuals involved in the Settlement. Therefore,

14  Plaintiffs request approval of ILYM Group, Inc., as the administrator and of the allocation

15  of up to $2,000 to administration expenses.

16  **VII.   THE PROPOSED METHOD OF NOTICE IS APPROPRIATE**

17        The notice here satisfies the requirements that the class notice must be the "best

18  notice that is practicable under the circumstances," Fed. R. Civ. P. 23(c)(2)(B), and that

19  the Court "direct notice in a reasonable manner to all class members who would be

20  bound by the proposal." Fed. R. Civ. P. 23(e) (1). Notice is satisfactory "if it generally

21  describes the terms of the settlement in sufficient detail to alert those with adverse

22  viewpoints to investigate and to come forward and be heard." *Churchill Village, L.L.C.*

23  *v. General Electric*, 361 F.3d 566, 575 (9th Cir. 2004) (internal citation and quotation

24  marks omitted). Notice mailed to each class member "who can be identified through

25  reasonable effort" constitutes reasonable notice. *Eisen v. Carlisle & Jacquelin*, 417

26  U.S. 156, 176 (1974). For any class certified under Rule 23(b)(3), the notice must

27  inform class members "that the court will exclude from the class any member who

28

---

[5] *See*, https://ilymgroup.com/ (last visited Jan. 4, 2022).

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR
PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT

1    requests exclusion," stating "when and how members may elect to be excluded."  Fed.
2    R. Civ. P. 23(c)(2)(B).

3         The form of the notice here is consistent with modern best practices set forth by
4    the Federal Judicial Center and was negotiated and agreed upon by counsel for the
5    parties. The notice encourages Class Members to contact the Claims Administrator with
6    any questions, and it provides telephone, mail, e-mail, and facsimile contact
7    information for the Claims Administrator.  *Id*

8         This notice plan is consistent with class certification notices approved by
9    numerous state and federal courts, and is, under the circumstances of this case, the best
10   notice practicable.  *See, e.g.*, *Wright v. Linkus Enters., Inc.*, 259 F.R.D. 468, 477-76
11   (E.D. Cal. 2009) (holding notice involving similar mail procedures as here meets both
12   Rule 23(e) and Rule 23(c) requirements); *Adams v. Inter-Con Security Sys., Inc*., No.
13   06 Civ. 5428, 2007 WL 3225466, at *4 (N.D. Cal. Oct. 30, 2007) (finding that notice
14   using similar mail procedure as here "satisfies the notice requirements of Rule 23(e),
15   and ... all other legal and due process requirements").

16   **VIII.  A FINAL APPROVAL HEARING SHOULD BE SCHEDULED**

17        If the Court grants preliminary approval, a date for the final fairness hearing
18   needs to be set and included in the class notice.  The parties request that the Court adopt
19   the following schedule for purposes of effectuating the various steps in the settlement
20   approval process described above.

| Event | Proposed Date |
|---|---|
| Preliminary Approval Hearing Date | April 21, 2022 |
| Entry of Preliminary Approval Order | April 21, 2022 (assumed; balance of dates work off this assumed date) |
| Defendant to provide the Claims Administrator with addresses for Class Notice to be mailed | April 28, 2022 |
| Deadline for the Claims Administrator to mail Class Notice Packet (Mailing Date) | May 12, 2022 |

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR
PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT

| Event | Proposed Date |
|---|---|
| Deadline for Class Members to mail Elections Not to Participate in Settlement and Objections | June 26, 2022 |
| Deadline for Filing Motion for Attorneys' Fees and Costs | July 14, 2022 |
| Deadline for Parties to file response to objections. | July 14, 2022 |
| Deadline for filing Final Approval Motion | August 30, 2022 |
| Final Approval Hearing | September 29, 2022 |

## IX.   CONCLUSION

For the foregoing reasons Plaintiffs, without opposition from Defendant, respectfully requests that the Court: (1) preliminarily approve the Settlement pursuant to Fed. R. Civ. P. 23(c) and § 216(b) of the FLSA; (2) preliminarily certify the proposed settlement class and collective; (3) approve the proposed class notice and forms; (4) set the deadlines for filing elections not to participate and objections to the Settlement; and (5) schedule a final approval hearing.

Dated:  February 25, 2022                         Respectfully Submitted,

*/s/ Gregory Mauro, Esq.*
James Hawkins (Cal. Bar No. 192925)
james@jameshawkinsaplc.com
Gregory Mauro (Cal. Bar No. 222239)
greg@jameshawkinsaplc.com
Michael Calvo (Cal Bar No. 314986)
michael@jameshawkinsaplc.com
JAMES HAWKINS, APLC
9880 Research Drive, Suite 200
Irvine, California 92618
Telephone: (949) 387-7200

Charles R. Ash, IV (*pro hac vice*)
crash@sommerspc.com
SOMMERS SCHWARTZ, P.C.
One Towne Square, Suite 1700
Southfield, Michigan 48076
Telephone: (248) 355-0300
Facsimile: (248) 436-8453

*Attorneys for Plaintiff and proposed Collective and Class Members*

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR
PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT