**JAMES HAWKINS, APLC**
James Hawkins (Cal. Bar No. 192925)
Gregory Mauro (Cal. Bar No. 222239)
Michael Calvo (Cal Bar No. 314986)
9880 Research Drive, Suite 200
Irvine, California 92618
Telephone: (949) 387-7200
Email: james@jameshawkinsaplc.com
Email: greg@jameshawkinsaplc.com
Email: michael@jameshawkinsaplc.com

**SOMMERS SCHWARTZ, P.C.**
Kevin J. Stoops (Cal Bar No. pending)
Charles R. Ash, IV (*pro hac vice* forthcoming)
One Towne Square, 17th Floor
Southfield, Michigan 48076
Telephone: 248-355-0300
Facsimile: 248-436-8453
Email: kstoops@sommerspc.com
Email: crash@sommerspc.com

*Attorneys for Plaintiff and Proposed Collective
and Class members*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAEA SANFT, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br>vs.<br>SIMS GROUP USA CORPORATION,<br><br>Defendant. | Case No. 19-cv-08154-JST<br><br>[~~PROPOSED~~] ORDER GRANTING PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT<br><br>** AS MODIFIED ** |

Plaintiffs Paea Sanft and Sergio Bernal-Rodriguez ("Plaintiffs") filed a motion for Preliminary Approval of the Stipulation of Settlement and Plaintiffs' Request to Certify the Class for Purposes of Settlement (the "Settlement") between Plaintiffs and Defendant Sims Corporation

---

[~~PROPOSED~~] ORDER RE PLAINTIFFS' MOTION FOR PRELIMINARY
APPROVAL OF CLASS ACTION SETTLEMENT

USA ("Defendant") (Defendant and Plaintiffs are referred to as the "Parties").  Having considered the Parties' Settlement, the Memorandum of Points and Authorities in Support of the Motion for Preliminary Approval of Class Action Settlement, the documents submitted in support of the motion, and all supporting legal authorities and documents,

IT IS HEREBY ORDERED:

1. The Court GRANTS preliminary approval of the Settlement based upon the terms set forth in the Settlement, and uses the same defined terms as used in the Settlement.  The Settlement appears to be fair, adequate and reasonable to the Class.   Based on a review of the papers submitted by Plaintiffs, the Court finds that the Settlement is the result of arms-length negotiations conducted after Class Counsel adequately investigated the claims and became familiar with the strengths and weaknesses of the claims.  For purposes of this Order, the Court adopts and incorporates all definitions set forth in the Settlement agreement.

2. Solely for purpose of settlement in accordance with the Settlement and Rule 23 of the Federal Rules of Civil Procedure and FLSA collective for settlement purposes under 29 U.S.C. §201., *et seq*. and other laws and rules applicable to preliminary settlement approval of class actions, the Court preliminarily certifies the classes under 1.2 of the Settlement under the FLSA and conditionally certifies the classes under Rule 23.

3. The settlement of class-action and FLSA related claims and settlement of claims under the Private Attorney General Act ("PAGA") set forth in the Settlement between Plaintiff and Defendant is preliminarily approved as it appears to be proper, to fall within the range of a fair, reasonable and adequate settlement, and to be presumptively valid subject to final approval.

4. For settlement purposes only, the Court appoints Plaintiffs Paea Sanft and Sergio Bernal-Rodriguez as Class Representatives and their  counsel, James R. Hawkins and Gregory Mauro from James Hawkins APLC and Charles R. Ash, IV of Sommers Schwartz as Class Counsel.

5. The Court approves ILYM Group, Inc. to act as the Settlement Administrator. Pursuant to the terms of the Settlement the Settlement Administrator will administer the applicable provisions of the Settlement agreement, including, but not limited to, distributing the

- 1 -

**[PROPOSED] ORDER RE PLAINTIFFS' MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT**

class notice, processing responses, making all payments to any person or entity from the settlement amounts, for all required tax reporting and withholding, and for communicating the information regarding status of the payments to the Parties' counsel.

6. The Court approves, as to form and content, the Notice of Pendency of Class Action Settlement (the "Class Notice") attached as Exhibit "3" to the Settlement.

7. The Court approves the procedure for Settlement Class members to participate in, request exclusion from or object to, and preserve appeal rights as set forth in the Settlement and the Class Notice.

8. The Court finds that distribution of the Class Notice in the manner set forth in this Order and the Settlement Agreement constitutes the best notice practicable under the circumstances, and constitutes valid, due and sufficient notice to all members of the Class, complying fully with the requirements of Rule 23 of the Federal Rules of Civil Procedure, and under 29 U.S.C. §201., *et seq*., the Constitution of the United States, and any other applicable laws. The Class Notice set forth herein and in the Settlement provides a means of notice reasonably calculated to apprise the Settlement Class members of the pendency of the action and the proposed settlement, and thereby meets the requirements of Rule 23(c)(2) of the Federal Rules of Civil Procedure, as well as due process under the United States Constitution and any other applicable law, and shall constitute due and sufficient notice to all Settlement Class members entitled thereto. Counsel for the Parties are authorized to correct any typographical errors in the Settlement and make clarifications, to the extent the same are found or needed, so long as such corrections do not materially alter the substance of the documents.

9. Defendant is directed to provide the Settlement Administrator class data as set forth in the Settlement (consisting of the names, last-known addresses, Social Security numbers, and number of workweeks determined by Defendant based on readily available information as described in the Settlement Agreement).

10. The Court directs the Settlement Administrator to perform address verification measures and mail the Class Notice by first class mail to the Settlement Class members receiving the data and to otherwise carry out the Settlement according to the terms of the Settlement

Agreement and in conformity with this Order.  The Parties are also ordered to carry out the Settlement according to the terms of the Settlement Agreement.

11. All Settlement Class members shall be deemed to participate in the Settlement, although any Settlement Class members who wishes to comment on or object to the Settlement or who elects not to participate in the Settlement or FLSA portion has until forty-five (45) days after the mailing of the Class Notice to submit his or her objection or request to be excluded, pursuant to the procedures set forth in the Class Notice and Settlement at paragraph 6.1-6.3. The Settlement Administrator must send the objection to all counsel. Class Counsel must file the objection with the Court. The Parties shall be permitted to file responses to the objection in addition to any motion for final approval documents. If a Settlement Class member submits both an objection and opt out request, the opt out request will be honored and the objection will be disregarded.

12. Any Settlement Class member who has submitted such written objections may, but is not required to, appear himself or herself, or through counsel, at the final fairness and approval hearing and object to the approval of the Settlement. No Settlement Class member, or any other person, shall be heard or entitled to contest the approval of the proposed Settlement, the judgment to be entered approving the same, unless that Settlement Class member has submitted written objections in the manner set forth herein.   Any Settlement Class member who does not make his or her objection(s) in the manner so provided herein and in the Class Notice shall be deemed to have waived such objection(s) and shall forever be foreclosed from making any objection(s) to the fairness or adequacy of the proposed settlement as incorporated in the Settlement agreement and the right to appeal any orders that are entered relating thereto, unless otherwise ordered by the Court.

13. The Court preliminarily approves the handling of unclaimed funds set forth in the Settlement under paragraph 8.3.

14. Neither this Order, the Settlement, nor any document referred to therein, nor any action taken to carry out the settlement embodied in the Settlement, may be construed as, or may be used as an admission by or against Defendant or any of the other Released Parties (as that term

is defined in the Settlement) of any fault, wrongdoing or liability whatsoever.  The entering into or carrying out of the Settlement, and any negotiations or proceedings related thereto, shall not in any event be construed as, or deemed to be evidence of, an admission or concession with regard to the denials or defenses by Defendant or any of the other Released Parties and shall not be offered in evidence in any action or proceeding against Defendant or any of the Released Parties in any court, administrative agency or other tribunal for any purpose whatsoever other than to enforce the provisions of this Order, the Settlement, or any related agreement or release.

15.     Class Counsel shall file a motion for final approval of settlement no later than March 9, 2023.  Any request by Class Counsel for an award of attorneys' fees or reimbursement of expenses shall be filed concurrently, and that request shall be accompanied by supporting evidence.

16.     Plaintiffs' counsel state that they will be seeking an award of $60,000 in attorney's fees using the lodestar method.  The Court does not need to determine an appropriate attorney's fee now.  At the final approval stage, however, the Court will evaluate Plaintiff's requested fee as a percentage of the common fund and then use the lodestar method as a cross-check.  In that regard, the Court notes that in the Ninth Circuit, the "benchmark for an attorneys' fee award in a successful class action is twenty-five percent of the entire common fund." *Williams v. MGM-Pathe Commc'ns Co.*, 129 F.3d 1026, 1027 (9th Cir. 1997).  "[O]nly special circumstance justify a departure" from the 25 percent benchmark.  *Reyes v. Bakery & Confectionary Union & Indus. Int'l Pension Fund*, No. 24-cv-05596-JST, 2017 WL 7243239, at *8 (N.D. Cal. Jan. 23, 2017) (internal quotation marks omitted) (quoting *Six (6) Mexican Workers v. Ariz. Citrus Growers*, 904 F.2d 1301, 1311 (9th Cir. 1990)).  Plaintiffs' counsel's request represents more than 38% of the common fund.  As such, Class Counsel should be prepared to support their request in their motion for attorney's fees. *See Hawthorne v. Umpqua Bank*, No. 11-CV-06700-JST, 2015 WL 1927342, at *5-6 (N.D. Cal. Apr. 28, 2015) (adjusting class counsel's 33 percent attorney's fee request downward to 25 percent because class counsel did not "cite any cases or proffer evidence to suggest this settlement represents such a significant degree of success as to justify adjustment.").

17. Plaintiffs' counsel states that they will be requesting incentive awards of $5,000 each for the named plaintiffs. The Court need not determine an appropriate incentive award now. "[Incentive] awards are discretionary and are intended to compensate class representatives for work done on behalf of the class . . . ." *Rodriguez v. W. Pub'g Corp.*, 563 F.3d 948, 958 (9th Cir. 2009) (internal citation omitted). In determining an appropriate award, the Court should consider:

> (1) the actions the plaintiff has taken to protect the interests of the class; (2) the degree to which the class has benefitted from those actions; (3) the duration of the litigation and the amount of time and effort the plaintiff expended in pursing it; and (4) the risks to the plaintiff in commencing the litigation, including reasonable fears of workplace retaliation, personal difficulties, and financial risks.

*Wren v. RGIS Inventory Specialists*, No. C-06-05778 JCS, 2011 WL 1230826, at *32 (N.D. Cal. Apr. 1, 2011) (citations omitted), *supplemented*, 2011 WL 1838562 (N.D. Cal. May 13, 2011). Indeed, "courts must be vigilant in scrutinizing all incentive awards to determine whether they destroy the adequacy of the class representatives." *Radcliffe v. Experian Info. Solutions, Inc.*, 715 F.3d 1157, 1164 (9th Cir. 2013). Although "[s]everal courts in this District have indicated that . . . $5,000 is a reasonable amount" for an incentive award, *Harris v. Vector Mktg. Corp.*, No. C-08-5198 EMC, 2012 WL 381202, at *7 (N.D. Cal. Feb. 6, 2012) (citations omitted), the Court must also consider the ratio between the proposed incentive awards and the average recovery of class members, as well as the proportion of the total settlement proposed to be allocated to incentive awards. In this case, each proposed $5,000 incentive award is 37 times the $135 the average class member will receive, and the $10,000 total of the two proposed awards represents 6.3% of the total settlement fund and 16% of the total amount allocated to class member recovery. In *Staton v. Boeing Co.*, 327 F.3d 938 (9th Cir. 2003), the Ninth Circuit reversed the approval of a consent decree in part due to incentive awards that averaged $30,000 for 29 class representatives, totaling $890,000, which was 30 times the $1,000 that absent class members received. 327 F.3d at 948-49, 976-77. The *Staton* court was also concerned that the incentive payments as a whole made up roughly 6% of the total settlement. *Id.* In their motion for final approval, Plaintiffs should explain why $5,000 incentive awards are appropriate in this action.

18. The Court reserves the right to adjourn the date of the final fairness and approval hearing and any adjournment thereof without further notice to the members of the Class, and retains jurisdiction to consider all further applications arising out of or connected with the settlement. The Court may approve the settlement, with such modifications as may be agreed upon by the Parties to the Settlement, if appropriate, without further notice to the Class.

19. A hearing (the "Final Fairness and Approval Hearing") shall be held on Thursday April 27, 2023 at 02:00 pm. before the Honorable Jon S. Tigar, in Courtroom 6 of this Court, located on the 2nd Floor of the Ronald Dellums Federal Building, 1301 Clay Street, Oakland, California 94612.  The hearing may proceed by Zoom.  At that time, the Court shall determine: (a) whether the proposed settlement of the Action on the terms and conditions provided for in the Settlement Agreement is fair, just, reasonable and adequate, and should be finally approved; (b) whether judgment as provided in the Settlement Agreement should be entered herein; and (c) whether to approve Class Counsel's application for an award of attorneys' fees and costs, Plaintiff's application for a Class Representative payment, Plaintiff's application for a California Labor & Workforce Development Agency ("LWDA") payment, and Plaintiff's request for payment of expenses to the Settlement Administrator. The Court may continue or adjourn the final fairness and approval hearing without further notice to members of the Settlement Class.

20. Pending further order of this Court, all proceedings in this matter except those contemplated herein and in the Settlement Agreement are stayed and suspended until further order of this Court.

21. The Court recognizes that certification under this Order is for settlement purposes only, and shall not constitute or be construed as a finding by the Court, or an admission on the part of Defendant or any of the Released Parties, of any fault or commission with respect to any claim or that this action is appropriate for class treatment for litigation purposes.  Entry of this Order is without prejudice to the rights of Defendant or any of the Released Parties to oppose class certification in this action, should the proposed Settlement not be granted final approval.

22. If for any reason the Court does not execute and file an Order of Final Approval, or if the effective date of the Settlement does not occur for any reason whatsoever, the Settlement

agreement and the proposed Settlement that is the subject of this Order, and all evidence and proceedings had in connection therewith, shall be without prejudice to the status quo ante rights of the Parties to the litigation, as more specifically set forth in the Settlement agreement.

**IT IS SO ORDERED.**

Dated:  September 2, 2022

_____
JON S. TIGAR
United States District Judge